UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | 08 CR 50015 |
| ) | |
| v.                                           ) | No. _____ |
| ) | Violation: Title 18, United States |
| CHRISTINA M. LEVISKAS        ) | Code, Sections 152(3) & 157(1) |

**COUNT ONE**

**FILED**

The DECEMBER 2006 GRAND JURY charges:

MAR 18 2008

1. At times material to this indictment:

MAGISTRATE JUDGE P. MICHAEL MAHONEY
United States District Court

    a. Chapter 7 of the United States Bankruptcy Code (Title 11 of the United States Code) provided persons (debtors) with an opportunity to obtain a fresh financial start through the elimination of their debts by paying the debtor's creditors a pro rata share of the debtor's property.

    b. The Bankruptcy Code required that a debtor file under penalty of perjury with the Bankruptcy Court a petition, supporting schedules, and a statement of financial affairs disclosing, among things, the debtor's property, transfers of property, income, creditors, and debts.

    c. The filing of a bankruptcy petition created a "bankruptcy estate" consisting of the debtor's property.

    d. The Bankruptcy Code permitted a debtor to claim certain property as exempt.

    e. Upon the filing of a chapter 7 bankruptcy petition, a trustee was appointed to administer the bankruptcy case, which included liquidating the debtor's property and distributing to the debtor's creditors a pro rata share of the resulting funds.

    f. The Bankruptcy Code prohibited paying general creditors more than their pro rata share of the debtor's property.

g.  On November 6, 2002, and on March 7, 2003, defendant received distributions of $19,200 and $20,000, respectively, from defendant's husband's pension plan account pursuant to interim property distribution orders in defendant's pending divorce case.

h.  Defendant used the November 6, 2002, and March 7, 2003, distributions for personal expenses and to pay pre-existing debts, including debts owed to her mother and her son.

i.  On September 2, 2003, a "Judgment of Dissolution for Marriage and Remaining Issues" ("divorce judgment") was entered in defendant's divorce case which awarded defendant 60% of her ex-husband's pension plan account. At the time of this divorce judgment, defendant's remaining interest in her ex-husband's pension plan account had a value of approximately $72,000.

j.  The divorce judgment also made defendant liable for debts resulting from defendant's use of nine specific credit cards.

2.  From in or about September 2003, and continuing to in or about April 2004, at Rockford, in the Northern District of Illinois, Western Division,

CHRISTINA M. LEVISKAS,

defendant herein, devised and intended to devise a scheme to defraud her creditors and the Chapter 7 Trustee which scheme is further described below.

3.  It was the object of this scheme that defendant would defraud her creditors and the Chapter 7 Trustee by concealing her interest in, and her receipt of funds from, her ex-husband's pension plan account and her use of those funds to pay personal expenses and debts owed to her relatives.

2

4. It was further the object of the scheme that defendant would defraud her creditors and the Chapter 7 Trustee by causing the Bankruptcy Court to grant defendant a discharge of the approximately $126,000 in debts defendant owed, including approximately $61,000 in credit card debts, by making false representations in her bankruptcy schedules and statement of financial affairs.

5. It was a part of the scheme that, on or about September 18, 2003, during a meeting with her bankruptcy attorney for purposes of preparing the bankruptcy petition, schedules, and statement of financial affairs, defendant concealed several assets and debts from her attorney, including her interest in her ex-husband's pension plan account, defendant's accounts at Alpine Bank, and the debts defendant owed to her mother and her son.

6. It was further a part of the scheme that, on or about October 15, 2003, defendant completed an application to open a Certificate of Deposit ("CD") Individual Retirement Account ("IRA") at Alpine Bank. On that same date, defendant also completed a form requesting that her ex-husband's pension plan transfer $40,000 to her CD/IRA account at Alpine Bank.

7. It was further a part of the scheme that, on or about October 17, 2003, defendant caused to be filed with the United States Bankruptcy Court in Rockford, Illinois, a "Schedule B – Personal Property" schedule in which defendant intentionally omitted her interest in her ex-husband's pension plan account, her Alpine Bank CD/IRA, and her other accounts at Alpine Bank.

8. It was further a part of the scheme that, on or about October 17, 2003, defendant caused to be filed with the Bankruptcy Court in Rockford a "Schedule F – Creditors Holding Unsecured Non-Priority Claims" schedule in which defendant intentionally omitted debts that she owed to her mother and her son.

3

9. It was further a part of the scheme that, on or about October 17, 2003, defendant caused to be filed with the Bankruptcy Court in Rockford a "Statement of Financial Affairs" in which defendant intentionally omitted the $20,000 distribution she received in 2003 from her ex-husband's pension plan account.

10. It was further a part of the scheme that, on or about October 20, 2003, defendant signed a form requesting her ex-husband's pension plan roll-over $40,000 into her Alpine Bank CD/IRA.

11. It was further a part of the scheme that on or about October 22, 2003, defendant caused her ex-husband's pension plan to issue a $40,000 check payable to Alpine Bank for the benefit of defendant, which was deposited into defendant's CD/IRA on October 27, 2003.

12. It was further a part of the scheme that, on or about October 20, 2003, defendant signed a form requesting her ex-husband's pension plan to distribute additional funds to her in the form of a lump-sum payment.

13. It was further a part of the scheme that, on or about October 22, 2003, defendant's ex-husband's pension plan issued a $16,863.72 check payable to defendant.

14. It was further a part of the scheme that, on or about October 26, 2003, defendant deposited approximately $11,000 of the $16,863.72 pension plan check into her personal checking account at Alpine Bank, and received approximately $6,000 back in the form of cash.

15. It was further a part of the scheme that defendant used the funds from the $16,863.72 pension plan check to pay personal expenses and debts owed to her mother and her son.

16. It was a further a part of the scheme that when defendant realized that the Chapter 7 Trustee had discovered, or would discover, her interest in her ex-husband's pension account,

defendant attempted to conceal her personal use of the $16,863.72 from the pension account, by borrowing $16,863.72 from her boyfriend, depositing those funds into the Alpine Bank CD/IRA, and then claiming that all of the funds in the CD/IRA were exempt from the bankruptcy estate.

17. It was further a part of the scheme that on April 14, 2004, defendant withdrew $27,000 from the Alpine Bank CD/IRA and subsequently used those funds to pay personal expenses and debts owed to relatives.

18. It was further a part of the scheme that defendant attempted to conceal the location of the $27,000 she withdrew from the CD/IRA in April 2004 by repeatedly depositing portions of the funds into, and withdrawing portions of the funds from, her accounts.

19. It was further a part of the scheme that defendant attempted to conceal her fraudulent conduct from her creditors, the Chapter 7 Trustee, and the Bankruptcy Court.

20. On or about October 17, 2003, at Rockford, in the Northern District of Illinois, Western Division,

CHRISTINA M. LEVISKAS,

defendant herein, for the purpose of executing the aforesaid scheme to defraud, and attempting to do so, caused to be filed a petition under Title 11 for a chapter 7 bankruptcy, specifically *In re Christina M. Leviskas,* No. 03-75436, in the United States Bankruptcy Court for the Northern District of Illinois, Western Division;

In violation of Title 18, United States Code, Section 157(1).

## **COUNT TWO**

The DECEMBER 2006 GRAND JURY further charges:

On or about October 17, 2003, at Winnebago County, in the Northern District of Illinois, Western Division,

### CHRISTINA M. LEVISKAS,

defendant herein, knowingly and fraudulently made a materially false declaration, certificate, verification, and statement under penalty of perjury, as permitted under section 1746 of Title 28, in and in relation to a case under Title 11, namely *In re: Christina M. Leviskas,* No. 03-75436, in the United States Bankruptcy Court, Northern District of Illinois, Western Division, in that:

> In response to question 2 on "Schedule B – Personal Property," which required defendant to list any "checking, savings or other financial accounts . . .," defendant only listed her Amcore Bank checking account and Members Alliance savings account, when in truth and fact, as she well knew, defendant had two additional checking accounts at Alpine Bank, namely: (1) an account in the name of Christina Leviskas; and (2) an account in the names of Brian P. Lofquist and Christina Leviskas;

> In response to question 7 on "Schedule B – Personal Property," which required defendant to list any "interests in IRA, ERISA, Keogh, or other pension or profit sharing plans . . .," defendant only listed her interest in her 401k plan with Warnaco, when in truth and fact, as she well knew, defendant had an IRA account at Alpine Bank;

> In response to question 16 on "Schedule B – Personal Property," which required defendant to list any "alimony, maintenance, support, and property settlements to which the debtor is or may be entitled . . .," defendant answered "None," when in truth and fact, as she well knew, defendant was entitled to receive 60% of her ex-husband's pension pursuant to the judgment entered in her divorce case;

> In response to question 33 on "Schedule B – Personal Property," which required defendant to list any "other personal property of any kind not already listed . . .," defendant answered "None," when in

truth and fact, as she well knew: (1) defendant had two additional checking accounts at Alpine Bank, namely: (a) an account in the name of Christina Leviskas; and (b) an account in the names of Brian P. Lofquist and Christina Leviskas; (2) defendant had an IRA account at Alpine Bank; and (3) defendant was entitled to receive 60% of her ex-husband's pension pursuant to the judgment in her divorce case;

On "Schedule F – Creditors Holding Unsecured Non-Priority Claims," which required defendant to list all creditors "holding unsecured claims," defendant failed to list her mother, Margaret Huitzacua, and her son, Jason Leviskas, when in truth and fact, as she well knew, defendant owed both her mother and her son at least $4,000 each;

In response to question 2 on the "Statement of Financial Affairs," which required defendant to "State the amount of income received by the debtor other than from employment, trade, profession, or operation of debtor's business during the two years immediately preceding the commencement of the case," defendant answered only "Received child support and unemployment in 2002," when in truth and fact, as she well knew, defendant also received a $20,000 distribution from her ex-husband's pension in March of 2003; and

In response to question 14 on the "Statement of Financial Affairs," which required defendant to "List all property owned by another person that the debtor holds or controls," defendant answered "None," when in truth and fact, as she well knew, defendant held and controlled a checking account for her youngest son, namely an account at Alpine Bank in the names of Brandon J. Leviskas, Beneficiary, and Christina Leviskas, Custodian;

In violation of Title 18, United States Code, Section 152(3).

A TRUE BILL:

_____
FOREPERSON

_____
UNITED STATES ATTORNEY

FILED
MAR 18 2008
MAGISTRATE JUDGE P. MICHAEL MAHONEY
United States District Court

No.: 08 CR 50015

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

UNITED STATES OF AMERICA

vs.

CHRISTINE M. LEVISKAS

INDICTMENT

Violation(s): Title 18, United States Code, Sections 152(3) and 157(1)

A true bill.

_____
Foreman

Filed in open court this _____ day of March, A.D. 2008

_____
Clerk

Bail, $